FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AUG 09 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

NICOLE WINSTEAD
STEPHAN PETTUS
ARETHA WARD
LETA ANTHONY
RS MCCULLOUGH

PLAINTIFFS

This case assigned to District Judge _Wright_
and to Magistrate Judge _Forster_

V.                    NO.

4-07-CV-00682 SWW

MARK STODOLA,
Individual and Official Capacity
TOM CARPENTER
Individual and Official Capacity
CITY OF LITTLE ROCK
STACY HURST
Individual and Official Capacity
BRAD CAZORT
Individual and Official Capacity
MICHAEL KECK
Individual and Official Capacity
DORIS WRIGHT
Individual and Official Capacity
DEAN KUMPURIS
Individual and Official Capacity
GENE FORTSON
Individual and Official Capacity
KENT WALKER
Individual and Official Capacity
MARTHA MCCASKILL
Individual and Official Capacity
OZELL SNIDER
Individual and Official Capacity
SUSAN INMAN
Individual and Official Capacity
HON. MIKE BEEBE
Individual and Official Capacity
STATE OF ARKANSAS

DEFENDANTS

COMPLAINT

1. Jurisdiction of this Court is invoked pursuant to
28 U.S.C. Section 1343. This is an action to secure redress
of rights secured by the Constitution and Law of the United
States, in particular, those rights protected by 42 U.S.C.
1973, 42 U.S.C. 1983, the First, Fourth, Fifth, Fourteenth
and Fifteenth Amendments of the US Constitution. This is
also an action for damages and other relief as set out
below for arbitrary and capricious actions, due and equal
process violations, vote dilution, impermissible
retrogression and the like, and other tort law concepts,
including common law concepts. Plaintiffs further invoke
the pendent jurisdiction of this court to hear and decide
claims arising under State law, including but not limited
to conflict of interest, official improprieties and other
similar claims relative to the matters herein.

2. Plaintiffs are citizens of the United States
whom reside in Pulaski County, Little Rock, Arkansas.

3. Defendants are the persons which are identified as
having violated the rights of the plaintiffs or those whom
have facilitated the violations.

4. Defendant Stodola is the newly elected mayor of
Little Rock. Defendant Carpenter is the city attorney for
Little Rock and aided Stodola in drafting and presenting an

ordinance that gave rise to the presently scheduled August 14, 2007 special election to increase the mayoral power in Little Rock past and forward where it was at the time Stodola was elected. Defendant City of Little Rock employs defendant Carpenter. Defendant City of Little Rock is a municipality duly incorporated under the laws of the State of Arkansas.

5. Defendants Hurst, Cazort, Keck, Wright, Kumpuris and Fortson are City Directors for the City and are the particular ones that voted for the ordinance complained of herein.

6. Defendants Walker, McCaskill and Snider are the Pulaski County Election Commissioners. Defendant Inman is the director of this commission. These defendants have oversight and are carrying out the execution of the special election relative to the complained of ordinance herein.

7. Defendant Beebe is the duly elected governor of the State of Arkansas, and the defendant State is an allowed entity present in the United States of America as a state. As such these defendants, as are the other defendant, are subject to the laws of the same.

8. In November of 2006 Stodola was elected as mayor of the city. The position he ran for and was elected to in a

general election was a part-time position, paying about $36,000 annually.

9. Shortly after taking office Stodola began relating to movements to increase his powers beyond those he was elected to have and to have his salary increased also, thus the complained of ordinance drafted and presented by he and Carpenter. Among the changes, would be the ability to hire and fire the city attorney and city manager, and to increase his salary to approximately $160,000. More importantly, the changes would grant him power to veto items passed by the city board, of which he is a member, subject only to a 2/3 re-vote override as specified by Roberts Rules of Order and other precepts. Note Exhibit A attached.

10. In March of 2007 two bills were passed in the Arkansas Legislature to, inter alia, allow the ordinance complained of to be presented for a special vote. Note Senate Bill 972 and House Bill 2658.

11. Plaintiffs have no knowledge or belief that the State or any of the referenced defendants sought preclearance relative to the referenced laws and ordinance.

12. The City currently has a city-manager for of government which has been in place for a long time. The

City has 10 city directors, three (3) of which are at large positions.

13. The ordinance for the change in form of government as stated herein was presented and voted on by Stodola. This is a blatant conflict of interest and appears very improper. The same violates due and equal process, as well as Roberts Rules by an interested party presenting and voting an increase for himself. The same also violates separation of powers by the mayor being a member of the board, the body he would then have veto power over.

14. The bills and ordinance, as well as the ballot, etc. referenced in this matter are unconstitutionally vague and ambiguous.

15. The result of the anticipated changes, if they occur would be dilutive to the votes of persons outside of majority districts, constitute impermissible retrogression and be an abridgment of those same persons rights to the voting franchise, and their effective participation in the same.

16. The further results of what is occurring and complained of herein is that a pretextual process has been created to attempt to abridge the rights of certain voters as stated herein and to insure that fractionalizing occur.

The same will occur by the mayoral veto power and the number of votes that would be required to override the same and the presence of the already existing three (3) at large positions (majority slots).

17. This process will shortens the terms of the persons elected to the board at the same time as Stodola (e.g. Hendrix and Richardson), as well as other directors who were already serving (e.g. Adcock and Wyrick). This will occur by them not receiving what plaintiffs previously voted for in a general election. These persons elected as directors were to have four years with one vote, the same as the mayor in voting respect, for matters coming before the board. The changes, considering especially the veto power, would reduce their vote from one to a fraction thereof by essentially giving the mayor the power to veto and then a 2/3 majority being required for override. The presence of the at large positions, as normally the case in the South, are majority seats and help create a situation where preclearance should have been sought. The minority directors, such as Hendrix and Richardson, will not have a fair or proper chance to be effective under the complained of system.

18. The matters which have and are being attempted violate the Constitutional provisions cited herein, and other laws, and especially the Voting Rights Act.

19. All acts of the defendants were performed under the color of authority based upon their capacities, conduct, and intentions. The conduct of the defendants complained of herein is the direct and proximate cause of plaintiffs' harm.

WHEREFORE, all premises considered, plaintiffs prays relief as follows:

A. Preliminary and permanent injunction preventing the defendants, their agents, successors, employees and those acting in concert with defendants under or at their direction from engaging in such intentional, discriminatory and unconstitutional policies and practices as complained of herein. And that the election currently scheduled be enjoined.

B. A declaratory judgment that the actions of the defendants complained of herein violated plaintiffs' rights guaranteed by 42 U.S.C. Sections 1973, 1983 and other constitutional provisions as stated herein.

C. Compensatory and punitive damages against each and all defendants jointly and severally.

D. Costs of this action, including an award of reasonable attorney fees and all other costs and relief to which plaintiffs are entitled.

Respectfully submitted,

Rickey Hicks
Attorney at Law
415 Main Street
Little Rock, AR 72201
(501) 374.2574
BY: _Original Signed_
Rickey Hicks
(AR Bar #89-235
Attorney for Plaintiffs
(not pro se)

P.O. Box 56530
Little Rock, AR 72215
(501) 612.8347
BY: _Original Signed_
R.S. MCCULLOUGH
Pro se

compla.73/83.8.9.07

Case 4:07-cv-00682-BRW   Document 1   Filed 08/09/07   Page 1 of 4

**ORDINANCE NO. 19,761**

AN ORDINANCE TO GRANT ADDITIONAL DUTIES AND AUTHORITIES TO THE DI-
RECTLY ELECTED MAYOR; TO CALL AN ELECTION ON WHETHER TO GRANT
THESE DUTIES AND AUTHORITIES TO THE DIRECTLY ELECTED MAYOR; TO CALL
AN ELECTION ON THE ISSUE OF WHETHER THE DIRECTLY ELECTED MAYOR
SHOULD HAVE VETO AUTHORITY; TO DECLARE AN EMERGENCY; AND FOR
OTHER PURPOSES.

**WHEREAS,** the Board of Directors of the City of Little Rock, Arkansas, has determined that it is ap-
propriate to grant more powers of the directly elected Mayor in order to provide a more responsive and
accountable form of government; and

**WHEREAS,** both the FUTURE-Little Rock review of City government believed that the Mayor should
be directly elected and have authority over issues such as preparation of the City budget, and Vision-
Little Rock believed that the Mayor should have a veto power; and

**WHEREAS,** after the FUTURE-Little Rock process was completed the Arkansas General Assembly
passed, and the Governor signed into law, Act 89 of 1989, commonly referred to as *The City Manager
Enabling Act of 1989*; and

**WHEREAS,** pursuant to Act 89 of 1989, an election was held which provided for a directly elected
Mayor, three at-large members of the Board of Directors, and seven members of the Board of Directors
elected from districts, and

**WHEREAS,** both Future-Little Rock and Vision Little Rock envisioned the position of Mayor as full-
time with additional responsibilities; and,

**WHEREAS,** state law for the city manager form of government provides the opportunity to grant
additional authorities to the directly elected Mayor; and

**WHEREAS,** as a result of these additional duties the position of Mayor shall become a full-time po-
sition entitled to compensation in accordance with state law which requires that a mayor with these
kinds of additional authorities shall be compensated with a salary and benefit package comparable to
the highest-ranking municipal official; and,

**WHEREAS,** it is now desired to vest more accountability in the office of the Mayor, and to do so it
is necessary to increase the duties and executive authority of the office,

**NOW, THEREFORE, BE IT ORDAINED BY THE BOARD OF DIRECTORS OF THE CITY OF LITTLE
ROCK, ARKANSAS:**

**Section 1.** The Mayor shall be the chief executive officer of the City and the City Manager shall be
the Chief Administrative Officer of the City.

Ordinance to grant additional authority and veto to the Mayor

Exhibit "A"

1      **Section 2.**  Pursuant to the provisions of Ark. Code Ann. § 14-47-120, as amended, the Mayor shall

2  have the following authority:

3        (a) Subject to the approval of the Board of Directors, the Mayor shall have the authority to

4            nominate, hire, or remove, the City Manager and the City Attorney, provided that the an-

5            nual review of both the City Manager and the City Attorney shall be conducted by the en-

6            tire Board of Directors;

7        (b) Subject to confirmation by the Board of Directors, advice by the respective ward represen-

8            tative of the ward where the nominee resides, and such other advice as may be given by

9            the at-large representatives,  to nominate and fill any vacancy occurring on any board, au-

10           thority or commission;

11       (c) Except as set forth in subsection (d), all other powers and duties granted to the City Man-

12           ager pursuant to Ark. Code Ann. § 14-47-120, as amended, or set forth in state law but not

13           specifically referred to in this subsection, shall hereafter be performed at the direction of

14           the Mayor;

15       (d) The annual budget of the city shall be prepared by the Mayor and the City Manager, and

16           will be administered by the City Manager.

17      **Section 3.**  Pursuant to the provisions of Ark. Code Ann. § 14-61-114 (d), as amended, the board of

18  directors shall refer to the electors, to be approved by a majority of those voting on the issue, the

19  question of whether the mayor should have a veto power as follows if the mayor is granted the veto:

20     (A) (1)  The mayor shall not be entitled to vote unless such vote is necessary for passage of a

21           measure;

22         (2)  The board of directors may override a mayor's veto by a two-thirds (2/3) vote of the num-

23           ber of members of the board of directors in accordance with Section 4 of this ordinance;

24         (3)  The mayor shall have seven (7) calendar days from the date of approval of a motion, ordi-

25           nance, or resolution, to exercise a veto.

26     (B)    The following question shall appear on the ballot:

27           FOR giving the mayor a veto, to be exercised within seven (7) calendar days

28           of the approval of a matter, and subject to override at the first regular

29           meeting of the board of directors after written notice, but no vote unless

30           necessary for passage of a measure ........................................................ ☐

31           AGAINST giving the mayor a veto, to be exercised within seven (7) calendar

32           days after approval of the matter, and subject to override at the first regu-

33           lar meeting of the board of directors after written notice, but no vote

34           unless necessary for passage of a measure ............................................... ☐

35    (C) The election on the question of whether to grant the mayor a veto shall occur on August 14,

36       2007, a date which is not less than forty-five (45) days after the passage of this ordinance.

**[PAGE 2 OF 4]**

1      **Section 4. *Override of the Veto*.** The time to override a veto, and other issues that relate
2  to an override, are as follows:

3      (A) The board or directors shall exercise the power to override a veto over any permanent
4          on temporary ordinances or resolutions at the next regular session of the board of di-
5          rectors following the written notification of a veto; and,

6      (B) Failure to override a veto in a single vote of the board of directors shall constitute a
7          confirmation of the veto, and no further consideration of veto override on the measure
8          shall be introduced in subsequent sessions of the board of directors; and,

9      (C) The vote to override a veto, or the failure to override a veto, shall not be subject to a
10         motion to reconsider, a motion to expunge the record, or any other parliamentary pro-
11         cedure which would permit the reconsideration of the question of override; and.

12     (D) Any ordinance or resolution vetoed, and confirmed by failure to override the veto, may
13        be reintroduced as a new ordinance or resolution subject to any state statutes, ordi-
14        nances, or procedures for the introduction of ordinances or resolutions, or amendments
15        to ordinances or resolutions.

16    **Section 5.**

17     (A) Pursuant to the provisions of Ark. Code Ann. § 14-55-301, as amended, the board of directors
18        shall refer to the electors, to be approved by a majority of those voting on the issue, the ques-
19        tion of whether the mayor should have the additional duties and authorities set forth in this
20        ordinance:

21     (B) The following question shall appear on the ballot:

22          FOR giving the mayor the additional duties and authorities listed below .......... ☐

23          AGAINST giving the mayor the additional duties and authorities listed below..... ☐

24         The additional duties and authorities for the Mayor include: the authority to hire or remove the
25         City Manager and the City Attorney subject to Board approval and subject to the Board con-
26         ducting annual evaluations of the City Manager and the City Attorney; to fill vacancies on mu-
27         nicipal boards and commissions subject to approval of the Board of Directors, and after consul-
28         tation with the respective ward representative and such other advice as may be provided from
29         at-large directors; that the annual budge shall be prepared by the Mayor and the City Manager,
30         and will be administered by the City Manager; that the duties of the City Manager as set forth
31         in Ark. Code Ann. § 14-47-120, and other state law, be performed at the direction of the
32         Mayor.

33     (C) The election on the question of whether to grant the mayor these additional authorities and
34        duties shall occur on August 14, 2007, a date not less than forty-five (45) days after the pas-
35        sage of this ordinance.

1   **Section 6.**  The City Clerk is directed and authorized to take all actions necessary to submit this
2       ordinance to the Pulaski County Clerk and the Pulaski County Election Commission to be pre-
3       pared for an election held in accordance with Subsection 3(c) and Subsection 4(c).
4   **Section 7.** *Severability.* In the event any title, section, paragraph, item, sentence, clause,
5       phrase, or word of this ordinance is declared or adjudged to be invalid or unconstitutional,
6       such declaration or adjudication shall not affect the remaining portions of the ordinance which
7       shall remain in full force and effect as if the portion so declared or adjudged invalid or uncon-
8       stitutional was not originally a part of the ordinance.
9   **Section 8.** *Repealer.* All laws, ordinances, resolutions, or parts of the same, that are inconsis-
10  tent with the provisions of this ordinance, are hereby repealed to the extent of such inconsistency,
11  provided that nothing in this ordinance is deemed to amend or repeal the things that must be reported,
12  nor the forms to be used for various reports, as set forth in the Financial Reporting Standards for the
13  City of Little Rock, Arkansas, Little Rock Rev. Code §§2-245 to 2-260.8 (1988), as amended, even
14  though the mayor shall now be responsible to assure that these requirements are met.
15  **PASSED:  June 12, 2007**
16  **ATTEST:**                                               **APPROVED:**
17
18
19  Nancy Wood, City Clerk                                  Mark Stodola, Mayor
20  **APPROVED AS TO LEGAL FORM:**
21
22
23  Thomas M. Carpenter, City Attorney
24  //
25  //
26  //
27  //
28  //
29  //
30  //
31  //
32  //
33  //
34  //
35  //
36  //
37  //
38  //

**[PAGE 4 OF 4]**

Ordinance to grant additional authority and veto to the Mayor