

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 09 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE WINSTEAD, ET AL.                      PLAINTIFFS

V.              NO. 4-07-CV-00682 SWW

MARK STODOLA, ET AL.                         DEFENDANTS

MOTION AND INTEGRATED BRIEF FOR IMMEDIATE
INJUNCTIVE RELIEF PER RULE 65 FRCVP

Comes now the plaintiffs and move this Court to issue an immediate injunction or order directing the defendants to cease and desist from holding or relating to the special election on August 14, 2007 aimed at increasing the power of the Little Rock Mayor. Plaintiffs have filed a complaint against the defendants in this matter. That complaint is adopted herein by reference as if fully set forth herein.

The same, inter alia, states quite clear and the evidence will thoroughly bear out that the actions of the defendants in this matter have created a situation where the plaintiffs' rights to due and equal process are being violated.

Equally, that as is stated in plaintiffs' complaint, filed contemporaneously herein, the defendants did not seek preclearance for these matter. The process that has been and is being utilized violates prohibitions against self-

dealing and conflict of interest, constitutes impermissible retrogression, abridgment of pre-existing voting power, dilutes voting and creates fractionalizing.

While there are a number of reasons listed in plaintiffs' complaint that would merit injunctive relief, clearly the facts listed there and herein, especially the violations of the Voting Rights Act and separation of powers, urge and necessitate this Honorable Court to take the action requested by plaintiffs. The violations clearly present entitle plaintiffs to the swift and immediate relief requested herein. Plaintiffs have and are suffering great and irreparable harm due to and by the acts complained of herein and cited in plaintiffs' complaint. Cf. Griffen v. Ark. Jud. Disc. and Dis. Comm., 266 F. Supp. 2d 898 (ED Ark. 2003) and Harken v. City of Chicago, 103 F.3d 1346 (7th Cir. 1997). See Georgia v. Ashcroft, 539 US 461 (2003) and Reno v. Bossier Parish, 528 US 320 (2000). Cf. League of United Latin Americans Citizens v. Perry, 126 S.Ct. 2594 (2006).

The defendants will not suffer any type of constitutionally prohibited harm by the granting of relief to plaintiffs, of which they are entitled. The defendants would simply be in the same positions they occupied in November of 2006 as elected or situated. On the contrary,

plaintiffs would suffer irreparable harm if the injunctive, and other relief is not granted. Plaintiffs will have no adequate remedy at law or otherwise without this Court's intervention at this point, prior to the election and certification of any results.

WHEREFORE, all premises considered, plaintiffs pray relief be granted by preliminary and permanent injunction preventing the defendants, their agents, successors, employees and those acting in concert with defendants under or at their direction from engaging in such intentional, impermissible and unconstitutional policies and practices as complained of herein and in plaintiffs' complaint filed contemporaneously herein, and costs of this action, including an award of reasonable attorney fees and all other costs and relief to which they is entitled.

Respectfully submitted,

Rickey Hicks
Attorney at Law
415 Main Street
Little Rock, AR 72201
(501) 374.2574
BY: /s/ original signed
    Rickey Hicks
    (AR Bar #89-235
    Attorney for Plaintiffs
    (not pro se)

P.O. Box 56530
Little Rock, AR 72215
(501) 612.8347
BY: /s/ original signed
    K.S. MCCULLOUGH
    Pro se

tro8.9.07