IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**NICOLE WINSTEAD, STEPHEN PETTUS,
ARETHA WARD, LETA ANTHONY &
R.S. McCULLOUGH**                                                                 **PLAINTIFFS**

vs.                        No. 4:07-CV-682 (SWW)

**MARK STODOLA, in his individual and official capacity,
TOM CARPENTER, in his individual and official capacity,
CITY OF LITTLE ROCK, STACY HURST, in her individual
and official capacity, BRAD CAZORT, in his individual and
official capacity, MICHAEL KECK, in his individual and
official capacity, DORIS WRIGHT, in her individual and
official capacity, DEAN KUMPURIS, in his individual and
official capacity, KENT WALKER, in his individual and
official capacity, MARTHA McCASKILL, in her individual
and official capacity, OZELL SNIDER, in his individual and
official capacity, SUSAN INMAN, in her individual and
official capacity, MIKE BEEBE, in his individual and
official capacity, and the STATE OF ARKANSAS**               **DEFENDANTS**

## MOTION TO DISMISS CITY OF LITTLE ROCK DEFENDANTS

The City of Little Rock, Arkansas, defendants – Mark Stodola, Tom Carpenter, Stacy Hurst, Brad Cazort, Michael Keck, Doris Wright, Dean Kumpuris, each sued in the individual and official capacity, and the City of Little Rock, Arkansas – (hereafter jointly referred to as "the City" unless otherwise specifically noted), move to dismiss the Complaint filed in this action pursuant to Fed. R. Civ. Proc. 12, and state:

1. As demonstrated below, the Complaint fails to state a claim for which relief may be granted and, therefore, should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

2. There is no violation of the Voting Rights Act – 42 U.S.C. § 1973; more to the point, the plaintiffs (hereafter collectively referred to as "Winstead"), even under the liberal rules of notice pleading in federal courts, do not allege that any person will be denied the right to vote on the pending referendum election because of race, creed, or national origin, nor that such an individual will be precluded from voting because of the use of artificial means, e.g., a literacy test, to defeat the right to vote; therefore, on this point

the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

3. Although Winstead uses the word "preclearance," in paragraph 11, of the Complaint, this reference to Section 5 of the Voting Rights Act only applies to certain states, parts of states, or townships in the United States as set forth in 42 U.S.C. § 1973b(b), none of which include the State of Arkansas; further, Winstead does not even allege that Arkansas is a preclearance state; further, preclearance provisions deal with actions that would have the effect of denying access to voting which is not alleged in this matter; therefore, this allegations fails to state a claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

4. In paragraph 15 of the Complaint, Winstead also alleges that somehow the referred ordinance would have the impact of vote dilution and impermissible retrogression and would be an abridgment of persons to the voting franchise, but never alleges that anyone will be denied the right to vote; this conclusory statement fails to state a claim upon which can be granted and, therefore, should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

5. Allegations that Defendant Mark Stodola had a conflict of interest in voting for the ordinance also fails to state a cause of action for two reasons: (a) Seven members of the Board of Directors voted in favor of the ordinance; (2) Mr. Stodola's vote was merely to submit the issue to the electorate to see if it agreed with the proposed form of government; further, an alleged conflict of interest by a local official's vote does not state a federal constitutional cause of action; therefore, such allegation fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6).

6. Allegations that a mayor's veto power with have a fractionalizing impact on a municipal governing body, particularly without any suggested evidence to support such a conclusion, fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to Fed. R. Civ. Proc. 12 (b)(6).

7. Winstead fails to state how the ordinance in question is discriminatory on its face, therefore, the mere fact that defendants Mark Stodola, Stacy Hurst, Brad Cazort, Michael Keck, Dean Kumpuris, and Gene Fortson, voted on the ordinance fails to allege a constitutional or statutory violation; further, these members of the City Board of Directors, the City's governing body, are entitled to absolute legislative immunity; therefore, the allegation fails to state a claim for which relief may be granted and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

8. Winstead fails to allege that defendant Thomas M. Carpenter, the City Attorney for the City of Little Rock, Arkansas, did anything but assist in drafting an ordinance; there is no allegation that Carpenter did anything to pass the ordinance, nor that the drafted ordinance is discriminatory on its face; further, since the Complaint alleges that Carpenter was engaged in the legislative process, he is entitled to absolute legislative immunity; therefore, the allegation fails to claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

9. Winstead alleges that two acts approved by the Arkansas General Assembly permitted changes in the management form of government in Arkansas, but does not allege that such acts were discriminatory on their face; nor has Winstead done anything but assert the conclusion that the two Acts will have an inappropriate effect on the voting rights of certain groups; therefore, as to any challenge to the two Acts, Winstead has failed to state a claim for which relief may be granted and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

10. Winstead alleges that the referendum, if successful, would have the effect of shortening the terms of certain members of the Little Rock Board of Directors, but this mere conclusion fails to state a claim for which relief may be granted, and, therefore, should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

WHEREFORE, having fully answered for the City defendants, the City prays that this action be dismissed with prejudice; and, that the City be awarded all just and equitable relief to which it may be entitled.

OFFICE OF THE CITY ATTORNEY
500 West Markham, Ste. 310
Little Rock, Arkansas 72201
(501) 371-4527


By:/s/ Thomas M. Carpenter
Thomas M. Carpenter
Arkansas Identification No. 77024


*Certificate of Service*

I certify that on this 13th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to:

Rickey Hicks                          Scott P. Richardson
Attorney at Law                       Assistant Attorney General
415 Main Street                       323 Center Street, Suite 1100
Little Rock, Arkansas 72201           Little Rock, Arkansas 72201-2610
hickslawoffice@yahoo.com              scott.richardson@arkansasag.gov

In addition, I certify that on this 13th day of August, 2007, I mailed the foregoing and a copy of the Notice of Electronic Filing ("NEF") by United States Postal Service to the non-CM/ECF participants:

Mr. R. S. McCullough, *pro se*
Post Office Box 56530
Little Rock, Arkansas 72215

/s/Thomas M. Carpenter