IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**NICOLE WINSTEAD, STEPHEN PETTUS,
ARETHA WARD, LETA ANTHONY &
R.S. McCULLOUGH**                                                                                       **PLAINTIFFS**

vs.                                              No. 4:07-CV-682 (SWW)

**MARK STODOLA, in his individual and official capacity,
TOM CARPENTER, in his individual and official capacity,
CITY OF LITTLE ROCK, STACY HURST, in her individual
and official capacity, BRAD CAZORT, in his individual and
official capacity, MICHAEL KECK,  in his individual and
official capacity,DORIS WRIGHT, in her individual and
official capacity, DEAN KUMPURIS, in his individual and
official capacity, KENT WALKER, in his individual and
official capacity,MARTHA McCASKILL, in her individual
and official capacity,OZELL SNIDER, in his individual and
official capacity, SUSAN INMAN, in her individual and
official capacity, MIKE BEEBE, in his individual and
official capacity, and the STATE OF ARKANSAS**                         **DEFENDANTS**

## RESPONSE OF THE CITY DEFENDANTS TO
## MOTION FOR INJUNCTIVE RELIEF

The City of Little Rock, Arkansas, defendants – Mark Stodola, Tom Carpenter, Stacy Hurst, Brad Cazort, Michael Keck, Doris Wright, Dean Kumpuris, each sued in the individual and official capacity, and the City of Little Rock, Arkansas – (hereafter jointly referred to as "the City" unless otherwise specifically noted), respond to the Plaintiffs ("Winstead") motion for injunctive relief, and state:

1. Winstead seeks to enjoin an election already under way with early voting, and which is otherwise scheduled for tomorrow, August 14, 2007.

2, This request was filed less than six (6) days prior to the date of the election.

3. In deciding whether to grant this request for injunctive relief, this Court must consider the following issues:

    (a) The threat of irreparable harm to the movant;

(b) The state of balance between this harm and the injury that granting the injunction will inflict on other parties;

  (c) Whether the movant provides actual success on the merits; and

  (d) The public interest.

*Forest Park II v. Hadley,* 336 F.3rd 724, 731 (8th Cir. 2003); *Bank One v. Guttau,* 190 F.3rd 844, 847 (8th Cir. 1999) *citing Dataphase Systems, Inc. v. C.L.Sys., Inc.,* 640 F.2nd 109, 113 (8th Cir. 1981).

  4. Because this action was filed so close to the date of the election, and counsel has spent a considerable amount of time responding to the Complaint and filing a memorandum brief in support of that response, the City incorporates its motion to dismiss and brief in support of the motion as if it were a part of this response.

  5. As demonstrated in the response to the Complaint, and the memorandum brief in support, the City contends that Winstead has not demonstrated a likelihood of success on the merits in this case; actually, for the federal statutory and constitutional claims, Winstead has not even alleged the basic elements of the claims that have been made; therefore, the City has demonstrated that Winstead has not likelihood of success on the merits and injunctive relief is unwarranted.

  6. As to the balance of the injury, the City will expend approximately eighty thousand dollars ($80,000.00) on this election which, if an injunction is entered at this time will be lost.

  7. Winstead will have the opportunity, if the election is successful, to raise any claims in a challenge the powers granted to the Mayor of the City of Little Rock by the citizens' votes in a referendum election; therefore, no harm is irreparable.

  8. Further, the public interest is in favor of permitting an election on the issues listed in the referendum ordinance and not in last minute attempts to thwart the right of the people to make a decision as to how they wish to be governed.

  9. In essence, Winstead wishes to defeat the power of the people to decide on the nature of the government they have at the local level and, particularly based upon the conclusory statements contained in the Complaint, this sacred right to vote should not be thwarted at the last minute, especially when Winstead has failed to even plead the essential elements of each and every claim raised in the Complaint.

WHEREFORE, the City defendants pray that the request for an injunction be denied; further, should the Court grant an injunction, that Winstead be required to post an $80,000 bond for the cost of holding the election at a time in the future once the injunction is lifted.

>**OFFICE OF THE CITY ATTORNEY**
>500 West Markham, Ste. 310
>Little Rock, Arkansas 72201
>(501) 371-4527


>By:<u>/s/ Thomas M. Carpenter</u>
>   Thomas M. Carpenter
>   Arkansas Identification No. 77024

*Certificate of Service*

I certify that on this 13th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to:

| | |
|---|---|
| Rickey Hicks | Scott P. Richardson |
| Attorney at Law | Assistant Attorney General |
| 415 Main Street | 323 Center Street, Suite 1100 |
| Little Rock, Arkansas 72201 | Little Rock, Arkansas 72201-2610 |
| hickslawoffice@yahoo.com | scott.richardson@arkansasag.gov |

In addition, I certify that on this 13th day of August, 2007, I mailed the foregoing and a copy of the Notice of Electronic Filing ("NEF") by United States Postal Service to the non-CM/ECF participants:

Mr. R. S. McCullough, *pro se*
Post Office Box 56530
Little Rock, Arkansas 72215

>/s/Thomas M. Carpenter