FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 3   2007
JAMES W. McCORMACK CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE WINSTEAD                                    PLAINTIFFS
STEPHAN PETTUS
ARETHA WARD
LETA ANTHONY
RS MCCULLOUGH
ON BEHALF OF THEMSELVES
AND ALL OTHERS SIMILARLY SITUATED

V.                       NO. 4:07CV00682 WRW


MARK STODOLA,                                      DEFENDANTS
Individual and Official Capacity
TOM CARPENTER
Individual and Official Capacity
CITY OF LITTLE ROCK
STACY HURST
Individual and Official Capacity
BRAD CAZORT
Individual and Official Capacity
MICHAEL KECK
Individual and Official Capacity
DORIS WRIGHT
Individual and Official Capacity
DEAN KUMPURIS
Individual and Official Capacity
GENE FORTSON
Individual and Official Capacity
KENT WALKER
Individual and Official Capacity
MARTHA MCCASKILL
Individual and Official Capacity
OZELL SNIDER
Individual and Official Capacity
SUSAN INMAN
Individual and Official Capacity
HON. MIKE BEEBE
Individual and Official Capacity
STATE OF ARKANSAS

AMENDED COMPLAINT-CLASS ACTION

1. Jurisdiction of this Court is invoked pursuant to
28 U.S.C. Section 1343. This is an action to secure redress
of rights secured by the Constitution and Law of the United
States, in particular, those rights protected by 42 U.S.C.
1973, 42 U.S.C. 1983, the First, Fourth, Fifth, Fourteenth
and Fifteenth Amendments of the US Constitution. This is
also an action for damages and other relief as set out
below for arbitrary and capricious actions, due and equal
process violations, vote dilution, impermissible
retrogression and the like, and other tort law concepts,
including common law concepts. Plaintiffs further invoke
the pendent jurisdiction of this court to hear and decide
claims arising under State law, including but not limited
to conflict of interest, official improprieties and other
similar claims relative to the matters herein.

2. Plaintiffs are black and minority citizens of the
United States whom reside in Pulaski County, Little Rock,
Arkansas. Plaintiffs proceed in this matter individually
and as representatives of the class of black and minority
voters (to include Hispanics) in the City of Little Rock.
Plaintiffs are from various parts and wards of the city and
the interests of the plaintiffs and those that could be

plaintiffs are in fact the same relative to the issues
connected to the one-man one-vote and other concepts being
related to in this action. The interests of any potential
class member will be identical to those of the existing and
suing plaintiffs. The potential number of plaintiffs to
this matter are too numerous to be added and named
specifically in this matter. The prosecution of this matter
by the named plaintiffs will fairly and adequately
represent the interests, claims, defenses (if applicable),
and positions of any persons that could be named or added
to this matter as plaintiffs. The issues and claims present
are those that are set out herein, and stated in the brief,
etc. in this matter, and they do likewise by the presence
of the plaintiffs herein.

3. Defendants are the persons which are identified as
having violated the rights of the plaintiffs or those whom
have facilitated the violations.

4. Defendant Stodola is the newly elected mayor of
Little Rock. Defendant Carpenter is the city attorney for
Little Rock and aided Stodola in drafting and presenting an
ordinance that gave rise to the presently scheduled August
14, 2007 special election to increase the mayoral power in
Little Rock past and forward where it was at the time
Stodola was elected. Defendant City of Little Rock employs

defendant Carpenter. Defendant City of Little Rock is a municipality duly incorporated under the laws of the State of Arkansas.

5. Defendants Hurst, Cazort, Keck, Wright, Kumpuris and Fortson are City Directors for the City and are the particular ones that voted for the ordinance complained of herein.

6. Defendants Walker, McCaskill and Snider are the Pulaski County Election Commissioners. Defendant Inman is the director of this commission. These defendants have oversight and are carrying out the execution of the special election relative to the complained of ordinance herein.

7. Defendant Beebe is the duly elected governor of the State of Arkansas, and the defendant State is an allowed entity present in the United States of America as a state. As such these defendants, as are the other defendant, are subject to the laws of the same.

8. In November of 2006 Stodola was elected as mayor of the city. The position he ran for and was elected to in a general election was a part-time position, paying about $36,000 annually.

9. Shortly after taking office Stodola began relating to movements to increase his powers beyond those he was elected to have and to have his salary increased also, thus

the complained of ordinance drafted and presented by he and Carpenter. Among the changes, would be the ability to hire and fire the city attorney and city manager, and to increase his salary to approximately $160,000. More importantly, the changes would grant him power to veto items passed by the city board, of which he is a member, subject only to a 2/3 re-vote override as specified by Roberts Rules of Order and other precepts. Note Exhibit A attached.

10. In March of 2007 two bills were passed in the Arkansas Legislature to, inter alia, allow the ordinance complained of to be presented for a special vote. Note Senate Bill 972 and House Bill 2658.

11. Plaintiffs have no knowledge or belief that the State or any of the referenced defendants sought preclearance relative to the referenced laws and ordinance.

12. The City currently has a city-manager for of government which has been in place for a long time. The City has 10 city directors, three (3) of which are at large positions.

13. The ordinance for the change in form of government as stated herein was presented and voted on by Stodola. This is a blatant conflict of interest and appears very improper. The same violates due and equal process, as well

as Roberts Rules by an interested party presenting and
voting an increase for himself. The same also violates
separation of powers by the mayor being a member of the
board, the body he would then have veto power over.

14. The bills and ordinance, as well as the ballot,
etc. referenced in this matter are unconstitutionally vague
and ambiguous.

15. The result of the anticipated changes, if they
occur would be dilutive to the votes of persons outside of
majority districts, constitute impermissible retrogression
and be an abridgment of those same persons rights to the
voting franchise, and their effective participation in the
same.

16. The further results of what is occurring and
complained of herein is that a pretextual process has been
created to attempt to abridge the rights of certain voters
as stated herein and to insure that fractionalizing occur.
The same will occur by the mayoral veto power and the
number of votes that would be required to override the same
and the presence of the already existing three (3) at large
positions (majority slots).

17. This process will shortens the terms of the persons
elected to the board at the same time as Stodola (e.g.
Hendrix and Richardson), as well as other directors who

were already serving (e.g. Adcock and Wyrick). This will occur by them not receiving what plaintiffs previously voted for in a general election. These persons elected as directors were to have four years with one vote, the same as the mayor in voting respect, for matters coming before the board. The changes, considering especially the veto power, would reduce their vote from one to a fraction thereof by essentially giving the mayor the power to veto and then a 2/3 majority being required for override.  The presence of the at-large positions, as normally the case in the South, are majority (white) seats and help create a situation where preclearance should have been sought. The minority directors, such as Hendrix and Richardson, will not have a fair or proper chance to be effective under the complained of system.

18. The matters which have and are being attempted violate the Constitutional provisions cited herein, and other laws, and especially the Voting Rights Act.

19. All acts of the defendants were performed under the color of authority based upon their capacities, conduct, and intentions. The conduct of the defendants complained of herein is the direct and proximate cause of plaintiffs' harm.

WHEREFORE, all premises considered, plaintiffs prays relief as follows:

A. Preliminary and permanent injunction preventing the defendants, their agents, successors, employees and those acting in concert with defendants under or at their direction from engaging in such intentional, discriminatory and unconstitutional policies and practices as complained of herein. And that the election currently scheduled be enjoined.

B. A declaratory judgment that the actions of the defendants complained of herein violated plaintiffs' rights guaranteed by 42 U.S.C. Sections 1973, 1983 and other constitutional provisions as stated herein.

C. Compensatory and punitive damages against each and all defendants jointly and severally.

D. Costs of this action, including an award of reasonable attorney fees and all other costs and relief to which plaintiffs are entitled.

Respectfully submitted,

Rickey Hicks
Attorney at Law
415 Main Street
Little Rock, AR 72201
(501) 374/2574
BY:__original/signed__
    Rickey Hicks
    (AR Bar #89-235
    Attorney for Plaintiffs
    (not pro se)

P.O. Box 56530
Little Rock, AR 72215
(501) 612/8347
BY:__original signed__
    R.S. MCCULLOUGH
    Pro se

## CERTIFICATE OF SERVICE

I, undersigned, do hereby certify that on this __31_ _ August 2007___,
a copy of the foregoing has been hand delivered or mailed, postage prepaid to
proper address of all parties or all counsel of records for the same.

By__original signed__

amend.compla.73/83.8.31.07