IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE WINSTEAD, STEPHEN PETTUS,
ARETHA WARD, LETA ANTHONY, &
R.S. McCULLOUGH                                                                        PLAINTIFFS

vs.                          Case No. 4:07-CV-000682 WRW

MARK STODOLA, in His Individual and Official Capacity,
TOM CARPENTER, in His Individual and Official Capacity,
CITY OF LITTLE ROCK,
STACY HURST, in Her Individual and Official Capacity,
BRAD CAZORT, in His Individual and Official Capacity,
MICHAEL KECK, in His Individual and Official Capacity,
DORIS WRIGHT, in Her Individual and Official Capacity,
DEAN KUMPURIS, in His Individual and Official Capacity,
KENT WALKER, in His Individual and Official Capacity,
MARTHA McCASKILL, in Her Individual and Official Capacity,
OZELL SNIDER, in His Individual and Official Capacity,
SUSAN INMAN, in Her Individual and Official Capacity,
MIKE BEEBE, in His Individual and Official Capacity, and
The STATE OF ARKANSAS                                                                  DEFENDANTS

**BRIEF IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS'
AMENDED COMPLAINT – CLASS ACTION
BY SEPARATE STATE DEFENDANTS**

Separate State Defendants the State of Arkansas, Governor Mike Beebe in his Official Capacity, and in his Individual Capacity, by and through their counsel, Attorney General Dustin McDaniel and Assistant Attorney General Scott P. Richardson, for their Brief in Support of Motion to Strike Plaintiffs' "Amended Complaint – Class Action" state as follows:

On August 9, 2007, Plaintiffs Nicole Winstead, Stephen Pettus, Aretha Ward, Leta Anthony, and R.S. McCullough, filed a Complaint against various officials of the City of Little Rock, Arkansas, Pulaski County, Arkansas, the Governor of Arkansas, and the State of

1

Arkansas.  In that Complaint Plaintiffs made vague allegations that the expansion of the powers of the Mayor of the City of Little Rock, as approved by the voters of the City of Little Rock at an election held on August 14, 2007, violates Plaintiffs' rights under 42 U.S.C. § 1983, the Voting Rights Act (42 U.S.C. § 1973), and the First, Fourth, Fifth, Fourteenth, and Fifteenth Amendments of the United States Constitution.  A hearing was held on August 13, 2007, on Plaintiffs' request to halt the election scheduled for August 14, 2007.  At that hearing, the Court requested briefs from Plaintiffs in support of their claims by Monday, August 27, 2007, and briefs in opposition from Defendants by Friday, September 5, 2007.  The Separate City Defendants filed a Motion to Dismiss and Brief in Support on August 13, 2007.  The Separate County Defendants filed a Motion to Dismiss on August 13, 2007.  Separate State Defendants filed a Motion to Dismiss and Brief in Support on August 29, 2007.  Plaintiffs failed to file their brief on Monday, August 27, 2007.  On Wednesday, August 29, 2007, the Court issued a letter warning the Plaintiffs that if they did not file their brief by noon on August 30, 2007, their Complaint would be dismissed without prejudice.  Plaintiffs failed to file their brief by the extended deadline and, as promised, the Court dismissed the Complaint without prejudice.

On Friday, August 31, 2007, Plaintiffs filed a number of documents with the Court, one of which was an "Amended Complaint – Class Action." Docket No. 41.  Federal Rule of Civil Procedure 15 governs amendment of complaints and provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. Pro. 15(a).  Plaintiffs neither sought leave of Court to file the proposed Amended Complaint nor did they contact the undersigned to ask whether the amendment would be contested.  Ark. East. Dist. Local Rule 5.5(e).  Here, Plaintiffs did not seek leave to file the amended complaint although leave was plainly required.  Thus, this pleading has "no legal effect."  *U.S. ex rel. Mathews v. Health-South Corp.*, 332 F.3d 293 (5th Cir. 2003) quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1484 at 601 (1990).

In addition, while leave to amend a complaint is liberally granted before trial, different considerations apply after a complaint has been dismissed. *Dorn v. State Bank of Stella*, 767 F.2d 442 (8th Cir. 1985).  "After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates."  *Niagara of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986).  The Court's Order of dismissal made clear that Plaintiffs' only option was to file a new complaint with a brief addressing the points made by the Defendants' Motions to Dismiss.  The Court placed clear conditions on Plaintiffs' filing a new Complaint which have been ignored by the Plaintiff.  Plaintiffs have neither refiled their case nor have they filed a brief addressing any of Defendants' Motions to Dismiss.  Accordingly, the "Amended Complaint – Class Action" should be stricken.

Moreover, Plaintiffs' purported amended complaint adds nothing to Plaintiffs substantive claims and fails to make sufficient allegations to entitle them to class status.  Plaintiffs' original Complaint was wholly deficient. See Defendants' Motions to Dismiss and Briefs in Support, (Docket Nos. 18, 19, 26, 29, 30).  Separate State Defendants incorporate herein by reference their Motion to Dismiss and Brief in Support as if fully set forth herein.  Docket Nos. 29. 30.  The "Amended Complaint" does nothing but restate the deficient allegations from the original

Complaint and make vague allegations in paragraph two (2) in an attempt to gain class action status.

Although the complaint need not prove the class allegations, "for an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b)." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1798 at 218 (2005); *Cf. Elizabeth M. v. Montenez*, 458 F.3d 779 (8th Cir. 2006)(admonishing heightened caution when court is called on to certify class to assert federal equitable power over "State administration of its own law").  The amended complaint does nothing to identify what issues of law or fact Plaintiffs believe are common to the proposed class, or how the claims of the proposed representatives are typical of the proposed class. Similarly, there is no attempt to define the class in terms of those persons who would be affected by the common issues that would allow for analysis of how numerous the proposed class may be or whether the Plaintiffs would be able to adequately represent this unidentified group of people on these unidentified claims.  The amended complaint is also silent on the question of why incurring the costs, expenses, and administrative burdens of proceeding on a class basis may be preferable to an individual action.  In short, the proposed amended complaint does precious little to aid the Defendants or the Court in the "rigorous analysis" required of to ensure that the prerequisites of Rule 23 are satisfied.  *Montenez*, 458 F.3d at 784.  Therefore, the "Amended Complaint – Class Action" should be stricken.

WHEREFORE, for the foregoing reasons and the reasons stated in the Brief in Support of Separate Defendants' Motion to Strike, the Separate State Defendants respectfully request that

their Motion to Strike be granted, that Plaintiffs' Amended Complaint – Class Action be stricken, and that Plaintiffs' Complaint remain dismissed without prejudice.

                        Respectfully submitted,

                        DUSTIN McDANIEL
                        Attorney General

                        /s/ Scott P. Richardson
                        Scott P. Richardson #01208
                        Arkansas Attorney General's Office
                        323 Center Street, Suite 1100
                        Little Rock, AR 72201
                        (501)682-1019
                        (501)682-2591 - fax
                        E-mail: scott.richardson@arkansasag.gov

                        ATTORNEYS FOR SEPARATE
                        DEFENDANTS THE STATE OF
                        ARKANSAS, GOVENOR MIKE BEBEE,
                        IN HIS OFFICIAL CAPACITY AND IN
                        HIS INDIVIDUAL CAPACITY

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas M. Carpenter  
tcarpenter@littlerock.org

Ms. Karla Moore Burnett  
kburnett@co.pulaski.ar.us

William C. Mann , III  
bmann@littlerock.org

Amanda Mankin Mitchell  
amankin@co.pulaski.ar.us

Mr. Rickey H. Hicks  
hickslawoffice@yahoo.com

      I hereby certificate that on September 9, 2007, I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. R.S. McCullough  
P.O. Box 56530  
Little Rock, AR 72215

                                                /s/ Scott P. Richardson  
                                                SCOTT P. RICHARDSON