IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NICOLE WINSTEAD** *et al.*                                              **PLAINTIFFS**

VS.                                **4:07CV00682WRW**

**MARK STODOLA** *et al.*                                              **DEFENDANTS**

**ORDER**

This case was dismissed without prejudice because Plaintiffs did not file a brief in accordance with instructions given at the end of the August 13, 2007 hearing.[1] Plaintiffs ask for reconsideration of the dismissal, and have belatedly filed the requested brief.

Pending are Plaintiffs' Motion to Set Aside Order (Doc. No. 33), Motion to Correct the Clerk's Minutes (Doc. No. 34), Motion for Order to Accept (Doc. No. 35), and Motion to Disqualify Tom Carpenter (Doc. No. 38). Defendants responded to these Motions.[2] Plaintiffs also filed an Amended Complaint.[3]

**I. Background**

Plaintiffs bring this case under 42 U.S.C. § 1983 and 42 U.S.C. § 1973,[4] challenging Ordinance Number 19,761[5] that increases the Little Rock, Arkansas Mayor's power. Plaintiffs allege that the ordinance dilutes the power of minority voters and violates the First, Fourth, Fifth, Fourteenth, and Fifteenth Amendments of the Constitution, and the Voting Rights Act.

---

[1]Doc. No. 31; Doc. No. 23 (Clerk's notes on the proceedings).

[2]Doc. Nos. 43, 45, 46, 47, 48, 53, 57, 59.

[3]Doc. No. 41.

[4]Section 2 of the Voting Rights Act.

[5]Doc. No. 1, Ex. A.

Plaintiffs' Complaint, Amended Complaint and other pleadings allege that an increase in the Mayor's power dilutes the voice of minority voters, because the Mayor is elected by majority vote in a city that has a majority of white voters.

Plaintiffs' Complaint[6] asked that the election to approve this ordinance be enjoined. A hearing was held on August 13, 2007, and Plaintiffs' Motion for a Temporary Restraining Order was denied, but a hearing on the merits of Plaintiffs' allegations was scheduled for September 26, 2007. In the meantime, the parties were asked to submit briefs and to address specific issues. At the August 13, 2007 hearing, Plaintiffs' counsel were advised to read *Lujan v. Defenders of Wildlife*,[7] a Supreme Court decision that outlines the factors that establish standing.

As noted earlier, Plaintiffs did not file their briefs at the appointed time, so their complaint was dismissed without prejudice.[8] In the brief filed after this case was dismissed, Plaintiffs assert, without citation of authority, that they have standing to challenge the legality of Ordinance 19,761.[9] I disagree.

## II. Standing

The question of standing is not subject to waiver, and I am required to address the issue even if parties do not raise it. Federal courts are under an obligation to examine their own jurisdiction, and standing is the most important component of jurisdiction.[10]

---

[6]Doc. No. 1.

[7]504 U.S. 555 (1992).

[8]Doc. No. 31.

[9]Doc. No. 36 (entitled "Plaintiffs Brief Per the Court's Directive").

[10]*U.S. v. Hays*, 515 U.S. 737, 742 (1995) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231 (1990)).

In *Lujan*, the Supreme Court held that standing includes three elements:

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. . . .  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[11]

The Supreme Court has repeatedly refused to recognize generalized grievances against alleged illegal government conduct as sufficient to establish federal jurisdiction.[12]  The burden of proof is on the party who is invoking jurisdiction.[13]  Therefore, Plaintiffs are required to allege facts demonstrating that they are the proper party to request judicial resolution of the dispute.[14]

The rule against generalized grievances has been consistently applied to constitutional and voting rights claims such as this one.  For example, the Supreme Court denied standing to voters who did not live in racially gerrymandered voting districts,[15] but held that, if a plaintiff resides in a racially gerrymandered district, he or she has standing to challenge the government's action.[16]  In *Hays*, the Supreme Court explained that:

> voters in such districts may suffer the special representational harms racial classifications can cause in the voting context. On the other hand, where a plaintiff does not live in such a district, he or she does not suffer those special harms, and any inference that the plaintiff has personally been subjected to a racial classification would not be justified absent specific evidence tending to support that inference.

---

[11]*Id.* at  560-561 (footnote, citations, and internal quotation marks omitted).

[12]*Allen v. Wright*, 468 U.S. 737, 751 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).

[13]*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[14]*Warth v. Seldin*, 422 U.S. 490, 518 (1975).

[15]*Hays*, 514 U.S. at 744-745; see also *Miller v. Johnson*, 515 U.S. 900, 909 (1995); see also *Bush v. Vera*, 517 U.S. 952, 958 (1996) (residents of voting districts had standing, but those who lived outside the challenged districts did not).

[16]*Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656 (1993).

Unless such evidence is present, that plaintiff would be asserting only a generalized grievance against governmental conduct of which he or she does not approve.[17]

Lower courts have, of course, followed the Supreme Court's lead. The Eleventh Circuit denied standing to voters who did not live in under-represented county and school board voting districts.[18] On the other hand, a District Court in the Northern District of Illinois found that minority voters, who voted in a district with a disproportionate number of under-votes, had standing to bring an action against state and county election officials alleging equal protection and due process violations, and violations of Section 2 of the Voting Rights Act of 1965.[19]

**III. Discussion**

The crux of Plaintiffs' complaint is that the challenged ordinance diminishes the power of minority city directors. According to Plaintiffs' pleadings, the previous system included seven ward positions, three at-large positions, and a city-wide elected mayor.[20] Plaintiffs allege that the new system increases the power of the mayor and the at-large city directors to the detriment of the minority ward representatives.[21] Plaintiffs state in their Complaint and Amended Complaint that "the minority directors such as Hendrix and Richardson, will not have a fair or proper chance to be effective under the complained of system."[22]

---

[17]*Hays*, 515 U.S. at 745.

[18]*Wright v. Dougherty County, Ga.*, 358 F.3d 1352 (11th Cir. 2004).

[19]*Black v. McGuffage*, 209 F. Supp. 2d 889 (N.D. Ill. 2002).

[20]Doc. Nos. 1, 36, 41.

[21]*Id.*

[22]Doc. Nos. 1 and 41, ¶ 17.

4

Plaintiffs maintain that they are the proper parties to bring this suit because they live in Little Rock and vote in city elections.[23]  However, Plaintiffs do not allege that they reside in minority wards, or that their ward representative is either Hendrix or Richardson.

Without more, Plaintiffs are making a general grievance concerning alleged misconduct at City Hall.  They have not pled sufficient facts of a concrete and particularized harm, *i.e.*, that they voted in a minority ward, elected a director from that ward, and suffered injury when their elected representative's power was reduced.  In view of this, Plaintiffs do not have standing to invoke the power of the federal courts to correct this alleged harm.

## IV.   Conclusion

In their Complaint, Amended Complaint, and belated brief, Plaintiffs fail to allege facts sufficient to establish standing to bring this case.  Thus, the Court is without subject matter jurisdiction.  Accordingly, the case must be, and hereby is, DISMISSED.  All pending motions are DENIED as moot.

IT IS SO ORDERED this 13th day of September 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[23]Doc. No. 36.